Matter of Chew v Iheukumere
2026 NY Slip Op 03961
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Francine Sylvia Chew, respondent,
v
Michael Ikechi Iheukumere, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-08614, (Docket No. O-15912-21)
Colleen D. Duffy, J.P.
Angela G. Iannacci
Paul Wooten
James P. McCormack, JJ.

Diana Kelly, Jamaica, NY, for appellant.
Brian D. Perskin & Associates P.C., Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Kings County (Sharon N. Clarke, J.), dated August 7, 2024. The order of protection, upon the granting of that branch of the mother's motion which was to extend an order of protection of the same court (Judith D. Waksberg, J.) dated September 14, 2022, directed the father, inter alia, to stay away from the mother and the parties' children until and including August 6, 2026.
ORDERED that the order of protection dated August 7, 2024, is affirmed, without costs or disbursements.
In November 2021, the mother, who shares two children in common with the father, commenced this family offense proceeding pursuant to Family Court Act article 8 against the father, alleging, among other things, that the father harassed her and the children. After a fact-finding hearing, at which the father failed to appear, the Family Court found that the father committed the family offense of harassment in the second degree. On September 14, 2022, the court issued an order of protection in favor of the mother and the children and against the father (hereinafter the 2022 order of protection). The 2022 order of protection directed the father, inter alia, to stay away from the mother and the children, except for court-ordered parental access, and to stay away from the mother's place of employment until and including September 13, 2024.
In May 2024, the mother moved, among other things, to extend the 2022 order of protection. In support of the motion, the mother averred, inter alia, that the father had gone to her place of employment and sent letters to the mother's employer making false accusations against her. On August 7, 2024, the Family Court granted that branch of the mother's motion which was to extend the 2022 order of protection. On the same date, the court issued an order of protection directing the father, among other things, to stay away from the mother and the children, except for court-ordered parental access, and to stay away from the mother's place of employment until and including August 6, 2026 (hereinafter the 2024 order of protection). The father appeals from the 2024 order of protection.
Family Court Act § 842 provides that upon motion, the Family Court may extend an order of protection for a reasonable period of time upon a showing of good cause or consent of the parties (see Matter of Jacobs v Jacobs, 167 AD3d 890, 890). In determining whether good cause has been established, "courts should consider, but are not limited by, the following factors: the nature of the relationship between the parties, taking into account their former relationship, the circumstances leading up to the entry of the initial order of protection, and the state of the relationship at the time of the request for an extension; the frequency of interaction between the parties; any subsequent instances of domestic violence or violations of the existing order of protection; and whether the current circumstances are such that concern for the safety and well-being of the petitioner is reasonable" (id. at 891 [internal quotation marks omitted]; see Matter of Ermini v Vittori, 163 AD3d 560, 562).
Here, the Family Court properly found that there was good cause to extend the 2022 order of protection based upon the father's conduct, including repeatedly contacting the mother's employer and co-workers and making false accusations about her (see Matter of Lashlee v Lashlee, 169 AD3d 683, 684; Matter of Ermini v Vittori, 163 AD3d at 562). Thus, there is no basis to disturb the 2024 order of protection.
The father's remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., IANNACCI, WOOTEN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court